**SANDUSKY LAND, LTD., et al.,
Plaintiffs,**

v.

**UNIPLAN GROUPS, INC., et al.,
Defendants.**

**No. C 74–1205.**

United States District Court,
N. D. Ohio, E. D.

Sept. 5, 1975.

---

Byron S. Krantz, Robert N. Rapp, Metzenbaum, Gaines & Stern, Co., L. P. A., Cleveland, Ohio, for plaintiffs.

George I. Meisel, Squire, Sanders & Dempsey, Cleveland, Ohio, for defendant Haskins & Sells.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

Plaintiffs commenced the above-styled action seeking relief against defendants through claims made under the Securities Act of 1933 and the Securities Exchange Act of 1934, and pendent claims under the Ohio common law. There are two plaintiffs, one a limited corporation and the other an individual who invested in a land development program offered by defendant Uniplan, which was allegedly aided by the other defendants. It is asserted by plaintiffs that the marketing of this land development plan which led to the formation of Sandusky Land, Ltd. was carried out in a manner which violated 15 U.S.C. §§ 77l, 77o and 77q(a) (Securities Act) and 15 U.S.C. §§ 78j and 78t(a) (Exchange Act).

In brief, the relevant facts are that Uniplan Groups was a land development corporation which would form limited partnerships with individual investors for the purpose of constructing housing projects throughout Ohio. Uniplan would become a general partner in the various partnerships by providing management expertise while the individual investors would become limited partners, having provided the capital. The attraction to the investors was two-fold. First, Uniplan agreed to repurchase the land from the limited partnership at the end of three years, paying twice the initial investment made by the investors. Repayment was to be accomplished through the construction by Uniplan of a sufficient number of apartment units on the land acquired by the partnership so that the equity value of the property would be equivalent to twice the original investment. Such a procedure avoided undesirable income realization by the limited partners which would have occurred if a cash buy-out occurred. This raises the second attraction, which was

income tax deductions. Plaintiffs claim that certain defendants represented to them that much of the initial investment would be deductible as expenses against income, specifically noting that taxpayers in the 40% bracket could save significantly as a result of this feature.

To accomplish this land development plan, Sandusky Land, Ltd., was formed. There were eight limited partners who invested $12,500 apiece in Sandusky Land, and two general partners, Uniplan and plaintiff Gottlieb, who acquired their interests in exchange for services.

The plan seems to have failed. Plaintiffs claim that they have not realized the promised tax advantages and, moreover, it seems the construction has not occurred as planned.

Defendant Haskins & Sells, an accounting firm, has moved to dismiss the Complaint for failure to state a claim against it, raising several grounds. Before dealing with its motions, however, the Court must rule on a request from the plaintiff made in response to the motion of Haskins and Sells. Plaintiffs have sought leave to amend their complaint so as to delete Sandusky Land, Ltd., as a party plaintiff and substitute for it the eight limited partners. No defendant has objected to the request and the Court finds that the interests of justice would best be served by allowing amendment of the complaint. Plaintiffs shall file such an amended complaint within 10 days of receipt of this Memorandum Opinion and Order.

The effect of this ruling is to render moot certain portions of the motion made by defendant Haskins and Sells. There remain, however, two aspects which are resolved as follows:

A. *Can Defendant Haskins and Sells Be Held Liable under § 12(2) of the Securities Act of 1933?*

The complaint makes a claim against defendants under 15 U.S.C. § 77l, which is § 12(2) of the Securities Act of 1933. That provision allows recovery of the consideration paid for a security from

any person who offered or sold that security by means of a prospectus that contained false statements of material fact or that omitted to state material facts needed to avoid a misleading of the purchaser, the offeror or seller being unable to prove it was unaware of the error, or that through the exercise of reasonable care it could not have known of the error. The defendant Haskins and Sells contends that it acted only as an accountant and as such can have no liability under § 12(2) of the 1933 Act.[1]

The question of which persons may be liable under § 12(2) has been dealt with by many Courts. The litany to be recited by Courts making these determinations is fairly well-established but as in so many legal tests, this litanization proves of little value in the abstract. An *en banc* decision from the Court of Appeals for the Second Circuit indicates, for example, that a defendant may be held liable under § 12(2) if it can be shown that there was either privity (as to the plaintiff) or scienter (as to the defendant to be held liable). *Lanza v. Drexel & Co.*, 479 F.2d 1277 (2 Cir. 1973). An equally significant decision setting forth another view of liability under § 12(2) comes from this District, where the test to be applied was described as:

> We think that the line of demarcation must be drawn in terms of cause and effect: To borrow a phrase from the law of negligence, did the injury to the plaintiff flow directly and proximately from the actions of this particular defendant? If the answer is in the affirmative, we would hold him liable. But for the presence of the defendant Roger in the negotiations preceding the sale, could the sale have been consummated? If the answer is in the negative, and we find that the transaction could never have materialized without the efforts of that defendant, we must find him guilty.

*Lennerth v. Mendenhall*, 234 F.Supp. 59, 65 (N.D.Ohio 1964).

*See also, Hill York Corp. v. American Intl. Franchises, Inc.*, 448 F.2d 680 (5th Cir. 1971), citing *Lennerth, supra.*

But as the Second Circuit recognized in *Lanza, supra,* each case must be determined upon the facts which are established by the parties. This view was clearly demonstrated in *Katz v. Amos Treat & Co.*, 411 F.2d 1046 (2nd Cir. 1969), when an attorney was held to be liable as a seller under § 12(2) because of the advice he had given plaintiff concerning the securities involved in that litigation. The Court found that the attorney, who represented the defendants, had responded to questions asked by plaintiff in such a way that the evidence "warranted the inference that on both occasions in April 1961, he had not simply answered Katz' questions, but had placed Treat in a position to tackle Katz for the money." *Katz, supra,* at 1053.

To grant defendant Haskins and Sells motion to dismiss at this stage of the proceedings, the Court must find to a certainty that the plaintiffs would not be entitled to relief under any state of facts which could be proven in support of their claims. 2A *Moore's Federal Practice* ¶ 12.08.

The allegations of the complaint (and the Amended Complaint, as proposed by plaintiffs) relating to Haskins and Sells are contained in paragraphs 14, 15, 16 and 17. In sum, the allegations are that Haskins and Sells issued a written opinion violative of the requirements of § 12(2) which was disseminated to plaintiffs (Paragraph 14), that plaintiffs relied in making their investment on the advice of Haskins and Sells as to the flow-through of tax benefits, which flow-through was not allowed by the Internal Revenue Service (Paragraphs 15 and 16), and that Haskins and Sells knew or should have known of the misrepresentations or omissions

---

1. There is no attempt made to dismiss the claims made under the 1934 Act. 15 U.S.C. §§ 78j and 78t(a).

made concerning plaintiffs' investment yet disregarded that information, thus aiding and abetting defendant Uniplan *in the accomplishment of its unlawful conduct.*

Viewing these allegations in terms of the test to be applied in determining who is a seller under § 12(2), and considering the present posture of the case, the Court does not find the motion of defendant Haskins and Sells to be well-taken.

The defendant it contends it did no more than serve as a general accountant and thus is not liable. The Court finds nothing incorrect in this statement of law, provided the facts as developed established this position. The plaintiffs contend that the facts as presented will show that Haskins and Sells served as more than a general accountant, that it facilitated the sale by issuing opinions which it knew or should have known were false or misleading and that in so doing it aided and abetted the defendant Uniplan.

■ To some extent *any* accounting firm issuing an opinion as to a particular partnership, corporation or company facilitates securities transactions in that makers of investments normally review such opinions before entering into investment transactions. Yet not all accountants will be found to be sellers under § 12(2). It is only when the evidence establishes that there was an *aiding* or *abetting* of the seller of the security or offeror of an investment that liability will be found to exist. *Hochfelder v. Midwest Stock Exchange,* 503 F.2d 364 (7th Cir. 1974); *In re Caesars Palace Securities Litigation,* 360 F.Supp. 366 (S.D.N.Y.1973). What evidence is required to establish such liability is not appropriately commented upon at this point. As was observed by Judge Weiner in his opinion in *Caesar's Palace, supra:*

> [I]t would be nothing more than an exercise in semantic hair-splitting for this Court to attempt to delineate a legally cognizable distinction between

those categories of persons who have previously been exposed to liability under § 12(2) and those persons charged with aiding and abetting and conspiring in the violation of § 12(2). No one of these formulations is a 'magic word'; in effect, each of them indicates participation to one degree or another. Determination of the extent of this participation and whether or not it is sufficient to impose liability upon the secondary defendants must obviously await discovery. And concededly, the initial burden of proving this requisite participation would rest with the plaintiff. *Caesar's Palace, supra,* at 380–81.

Accordingly, the motion of defendant Haskins and Sells to dismiss plaintiffs' claims against it made under 15 U.S.C. § 77*l* (§ 12(2) of the Securities Act of 1933) is denied.

**B.** *Can the Individual General Partner Seek Relief Under the Federal Securities Laws?*

One of the general partners in Sandusky Land is the defendant Uniplan. The other is Allyne M. Gottlieb. Under the allegations of the complaint, the general partners acquired their interest in Sandusky Land in exchange for services. Defendant Haskins and Sells has moved to dismiss the claims of Gottlieb on the ground that he lacks standing to seek relief under the federal securities laws. The thrust of defendant's motion is that in order for a person to qualify as one entitled to seek relief under any of the provisions of the 1933 or 1934 Acts cited in the Complaint, one must have invested in a security, and that in order to have been an investor in a security there can have been no personal involvement on the part of the investor which conduct was intended to increase the profits of the investment.

Plaintiffs have opposed the motion on the ground that Gottlieb gave adequate consideration for the acquisition of his interest in Sandusky Land and is thus entitled to protection under the Acts, even if the consideration furnished was

in the form of personal service to Sandusky.

The definitive statement on this question comes from the Supreme Court's decision in *Securities & Exch. Com. v. Howey Co.*, 328 U.S. 293, 66 S.Ct. 1100, 90 L.Ed.2d 1244 (1946), where, in evaluating the Securities Act of 1933, the Court held that:

> In other words, an investment contract for purposes of the Securities Act means a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party, it being immaterial whether the shares in the enterprise are evidenced by formal certificates or by nominal interests in the physical assets employed in the enterprise. *Howey, supra,* at 298–99, 66 S.Ct. at 1103. ·

This statement has been found to be equally applicable to the Exchange Act of 1934. *Andrews v. Blue,* 489 F.2d 367 (10th Cir. 1973).

The critical element in the above proposition in so far as the issue presently under consideration is concerned is that the person making the investment must be "led to expect profits solely from the efforts of the promoter or a third party. . . . ."

■ In this case, Gottlieb was a general partner who was to provide services to the corporation, in which he "invested." He was to be actively involved in its operation. As such, he did not acquire a security interest protected under the federal securities laws.

This position was recognized in *Andrews v. Blue, supra,* but in that case the plaintiff was found not to be a consultant for the corporation in which he invested but rather was regarded by the operational officers as one devoid of management responsibility who was interested solely in a return on his invest-

ment. There is support for this distinction. The federal securities laws were intended to protect investors, the people who provided capital for corporate activity. These persons as a rule knew little of the actual operation of the company in which they invested and thus were entitled to the special protection supplied by the 1933 and 1934 Acts. But if the investor actually operated the business, if he was involved in the decision-making process of the business, he is far less vulnerable. His active involvement in the subject of his investment removes the need for this special protection.

■ To be sure, services can be consideration qualifying one as a purchaser of a security interest, as plaintiffs contend. For example, if Gottlieb had provided services to Uniplan and instead of salary was given stock in General Motors he would be a person protected under the federal securities laws. But where the services rendered by the investor were designed to enhance the profitability of the investment, then that person has not acquired a security interest protected under the 1933 or 1934 Act.

Accordingly, the claims of plaintiff Gottlieb made against defendant Haskins and Sells under the federal securities laws are dismissed.

## CONCLUSION

I. Plaintiffs have 10 days from receipt of this Memorandum Opinion and Order in which to file an Amended Complaint conforming to the proposal previously submitted.

II. The motion of defendant Haskins and Sells to dismiss plaintiffs' claims made under 15 U.S.C. § 77*l* is denied.

III. The motion of defendant Haskins and Sells to dismiss the claims of plaintiff Allyne M. Gottlieb made under the federal securities laws is granted.

It is so ordered.